13-2270
*Melo-Rojas v. Lynch*

BIA
Morace, IJ
A200 702 472

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

GLORIA MELO-ROJAS, AKA GLORIA MEJIA-ROJAS,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

13-2270
NAC

FOR PETITIONER: Mark R. von Sternberg, Jodi Ziesemer, Catholic Charities, New York, New York.

**FOR RESPONDENT:**                    Stuart F. Delery, Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gloria Melo-Rojas, a native and citizen of Peru, seeks review of a May 8, 2013, decision of the BIA affirming a May 30, 2012, decision of an Immigration Judge ("IJ") denying Melo-Rojas's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gloria Melo-Rojas,* No. A200 702 472 (B.I.A. May 8, 2013), *aff'g* No. A200 702 472 (Immig. Ct. N.Y. City May 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To be eligible for asylum or withholding of removal, an applicant must show that she fears persecution on account of a protected ground.  8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A).  The IJ concluded that even if Melo-Rojas's testimony were credible, she did not show that the harm she suffered was on account of a protected ground.  This finding is dispositive of her claims for asylum and withholding of removal.  Melo-Rojas did not challenge that conclusion in her brief to the BIA, and consequently the BIA did not consider it.  Nor does Melo-Rojas challenge the nexus finding before this Court.

Eligibility for CAT relief does not require a nexus to a protected ground.  8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).  However, Melo-Rojas did not challenge the IJ's denial of CAT relief before the BIA; based on her failure to do so, the BIA did not consider the issue; and Melo-Rojas does not raise it before this Court.

3

By failing to challenge the IJ's dispositive determinations regarding her eligibility for asylum, withholding of removal, and CAT relief, Melo-Rojas abandoned all of her claims for relief, and we cannot review them.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4